IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION
IN ADMIRALTY

ODYSSEY MARINE EXPLORATION, INC.

    Plaintiff,

vs.

THE UNIDENTIFIED, SHIPWRECKED
VESSEL, its apparel, tackle,
appurtenances and cargo located within
center point coordinates:
(to be provided to the Court under seal)
in rem,

    Defendant(s).
_____/

CIVIL ACTION

Case No.:

## VERIFIED COMPLAINT IN ADMIRALTY *IN REM*

Plaintiff, Odyssey Marine Exploration, Inc. ("Odyssey"), by its undersigned counsel, hereby asserts the following Complaint *in rem* against the Defendant Shipwrecked Vessel, its apparel, tackle, appurtenances, and cargo (hereinafter, "Defendant Shipwrecked Vessel") located within coordinates: (to be provided to Court under seal).

### THE PARTIES

1.     Odyssey is a Nevada corporation with its principal place of business at 5215 West Laurel St., Tampa, Florida 33607. Odyssey is engaged in the business of deep ocean exploration and the recovery of shipwrecks around the world.

2.     The Defendant Shipwrecked Vessel is believed to be an Italian-registered passenger ship lying at a depth of approximately 500 meters in international waters,

1

approximately 65 miles southeast of Sardinia in the Mediterranean Sea (hereinafter referred to as the Salvage Area). Upon information and belief, no extant entity or person presently claims any ownership interest in the Defendant Shipwrecked Vessel. Evidence at the site indicates that efforts, if any, by any previous owner to salvage the shipwreck and/or its cargo have been long since abandoned. The value of the Defendant Shipwrecked Vessel cannot be estimated at this time.

II.

JURISDICTION AND VENUE

3. This is a case of admiralty and maritime jurisdiction stating a maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and Supplemental Admiralty Rules C and D as hereinafter more fully appears. This Court has original jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1333. In addition, the Court has *in personam* jurisdiction over the Plaintiff and constructive *quasi in rem* jurisdiction over the Defendant Shipwrecked Vessel.

4. Venue is proper in the Middle District of Florida, Tampa Division, pursuant to 28 U.S.C. § 1391 and Local Rule 3(A) and (B) (3). Plaintiff's principal place of business is located in this District, and artifacts recovered from the Defendant Shipwrecked Vessels will be brought within the District during and after appropriate conservation and preservation efforts.

III.

FACTS

5. On January 31, 2006, Odyssey discovered the Defendant Shipwrecked Vessel using sophisticated sonar and photographic equipment. On this date, Odyssey used a surface-controlled remotely operated vehicle ("ROV") to survey the wreck site and to take photographic images.

6. The Defendant Shipwrecked Vessel rests on the sea floor at a depth of approximately 500 meters in an area of the Mediterranean Sea that is not within the territorial sea of any sovereign nation. This area is referred to herein as the Salvage Area and is defined by the centerpoint coordinates which, for purposes of security and confidentiality, shall be provided to the Court under seal. Upon information and belief, no other salvor is currently working in these waters. While it is believed that one or two other salvors may have conducted operations in the past relative to the Defendant Shipwrecked Vessel, to Odyssey's knowledge and belief, no operations other than those by Odyssey have been conducted in the past year, and no salvor has sought to protect an interest in the vessel through an arrest.

7. The wreck site consists of vessel remains, ship furnishings and fixtures including numerous brass objects. Odyssey's research has led it to believe that more valuable cargo may be located aboard the ship.

8. Based on a preliminary assessment of videotape and photographs taken of the wreck site by nautical archaeologists, the Defendant Shipwrecked Vessel is believed to be an Italian-registered passenger ship which sank in 1915 during World War I.

9. Using appropriate archaeological protocols, Odyssey has voluntarily and successfully obtained videotape and photographic images of the Defendant Shipwrecked Vessel. Odyssey is ready and able to conduct operations to recover artifacts from the Defendant Shipwrecked Vessel. It has done so only on a limited basis thus far, because certain areas of the vessel are extremely difficult to reach and will require very specialized equipment. Odyssey is currently developing an excavation plan and conservation process to ensure that its recovery operations are consistent with rigorous archaeological protocols, and the recovery operations will proceed consistent with these protocols.

10. Upon the filing of this action, Odyssey intends to turn over to the United States Marshal for the Middle District of Florida for symbolic arrest *in rem* a teacup recovered from the Defendant Shipwrecked Vessel(s) bearing the trademark logo of the private commercial shipping line, "Societe d'Navigation A Bapore Italia." Odyssey's survey and recovery operation has been, and will continue to be, conducted in accordance with all appropriate archaeological protocols and under the direction of an experienced nautical archaeologist.

11. In addition to the teacup, Odyssey has documented several objects it has found on the Defendant Shipwrecked Vessel. Any further artifacts recovered from the Defendant Shipwrecked Vessel will be recovered under the jurisdiction of this Court, and will be within the actual and/or constructive possession of this Court or its duly-appointed Substitute Custodian during the pendency of this action.

12. This Court has *in personam* jurisdiction over the Plaintiff. In addition, this Court has, or will have during the pendency of this action, jurisdiction over any potential

claimant or competing salvor by virtue of their contacts to this forum; the nature of the Plaintiff's admiralty action; the relationship of the potential claimant and/or salvor to the Plaintiff, the forum and the cause of action; and/or under the principles of jurisdiction by necessity.

13. This Court's exercise of jurisdiction over competing claimants and/or salvors is necessary to prevent irreparable injury to, or destruction of the Defendant Shipwrecked Vessel(s); to allow the Plaintiff to continue to pursue its ongoing survey and recovery operations without interference; to bring the recovered artifacts within this District; and to prevent destruction of this Court's actual and potential jurisdiction.

14. Odyssey, its agents and associates, have invested substantial time, money and effort in locating, surveying, photographing and researching the history of the Defendant Shipwrecked Vessel(s); and in planning the physical recovery of artifacts from the Defendant Shipwrecked Vessel(s).

15. Odyssey, its agents and associates, are actively, voluntarily and successfully engaged in the process of reducing certain artifacts from the Defendant Shipwrecked Vessel to the Plaintiff's exclusive custody, possession, dominion and control, as circumstances permit, and Odyssey has the present ability and intention to continue to do so during the pendency of this action.

IV.

PLAINTIFF'S CLAIMS

COUNT I

POSSESSORY AND OWNERSHIP CLAIM
PURSUANT TO THE LAW OF FINDS

16. Plaintiff incorporates herein by reference, as though fully set forth herein, the allegations set forth above in paragraphs 1 through 15.

17. This action arises under Supplemental Admiralty Rule D and general maritime law.

18. The Plaintiff is, by virtue of its exclusive possession, dominion and control of the Defendant Shipwrecked Vessel, is in possession of the Defendant Shipwrecked Vessel, and has taken such actions as are necessary to constitute continued possession, dominion and control of the abandoned shipwreck.

19. As there is no extant owner of the Defendant Shipwrecked Vessel(s) or their artifacts, Odyssey is entitled to an adjudication of title and ownership in the Defendant Shipwrecked Vessel, and her artifacts, and the right to recover the Defendant Shipwrecked Vessel and her artifacts without the interference of any other salvor, claimant, agency, department or instrumentality of any government, domestic or foreign.

COUNT II

SALVAGE AWARD CLAIM
PURSUANT TO THE LAW OF SALVAGE

20. Plaintiff incorporates by reference, as though fully set forth herein, the allegations, set forth above in paragraphs 1 through 19.

21. This action arises under supplemental Admiralty Rule C and the general maritime law as salvage services constitute a preferred maritime lien.

22. The Defendant Shipwrecked Vessel and her artifacts are subject to maritime peril and is in an utterly helpless condition from which she could not be rescued without the voluntary and successful services of Odyssey, its agents and associates.

23. Plaintiff is under no legal obligation or official duty to render salvage services to the Defendant Shipwrecked Vessel.

24. Plaintiff's voluntary services have been and will continue to be successful in rescuing and/or helping to rescue artifacts from the Defendant Shipwrecked Vessel in order to return the recovered portions thereof to the stream of commerce from which they were lost.

25. Plaintiff, by virtue of such services so performed, the private risk capital expended and the time spent and danger incurred in finding and recovering artifacts from the Defendant Shipwrecked Vessel, is entitled to a liberal salvage award for such services.

COUNT III

DECLARATORY JUDGMENT

26. Plaintiff incorporates by reference, as though fully set forth herein, the allegations set forth above in Paragraphs 1 through 25.

27. This is an action for a Declaratory Judgment pursuant to 28 U.S.C. § 2201(a).

28. Defendant Shipwrecked Vessel is located on the submerged lands referred to herein as the Salvage Area. This is an area located approximately 65 miles southeast of Sardinia in international waters.

29. No government has the authority to interfere with Odyssey's exploration and/or recovery of the Defendant Shipwrecked Vessel, or to grant, condition or deny the right of Odyssey to do so within the international waters of the Mediterranean Sea; and the abandoned Shipwrecked Vessel is subject to the admiralty laws of abandonment and the law of finds, and/or the maritime law of salvage.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief as follows:

(a) that a Declaratory Judgment issue that the Abandoned Shipwrecked Vessel is subject to the admiralty laws of abandonment and the law of finds, or the maritime law of salvage.

(b) that a Declaratory Judgment issue that no other government has the jurisdiction or authority to interfere with exploration for and/or recovery of the Abandoned Shipwrecked Vessel, or to grant, condition or deny the right of Odyssey to do so within the international waters of the Mediterranean Sea.

(c) that Odyssey be adjudged the true, sole and exclusive owner of the Abandoned Shipwrecked Vessel(s), and any items recovered therefrom;

(d) in the alternative, should any claimant other than Odyssey be adjudged the owner of the Abandoned Shipwrecked Vessel(s), or any items recovered therefrom, that Odyssey be awarded a liberal salvage award in artifacts or specie, with the amount and/or composition of such award as may be determined by this Court pursuant to the law of salvage;

(e) that Odyssey be adjudged as having the sole and exclusive right to conduct recovery operations on the Abandoned Shipwrecked Vessel(s), to preserve and transact any artifacts recovered from the Abandoned Shipwrecked Vessel(s) without the interference by another other third parties; and

(f) that process *in rem* and/or *quasi in rem* and a Warrant of Arrest may issue in due form of law, in accordance with the practice of this Honorable Court in causes of admiralty and maritime jurisdiction against the aforesaid Defendant Abandoned Shipwrecked Vessel, and/or artifacts recovered from the Defendant Shipwrecked Vessel, with notice to be posted on the shipwreck to all persons claiming an interest in Odyssey's ongoing recovery operations to appear and answer this Complaint and to show cause as to why the artifacts recovered from the Defendant Abandoned Shipwrecked Vessel by Odyssey and its associates should not be:

(i) delivered to Odyssey as the sole and exclusive owner of said artifacts; or

(ii) alternatively, sold or appropriately transferred in satisfaction of any judgment in favor of Odyssey for a salvage award; and

(g) that Odyssey may have such other and further relief as the justice of this cause may require.

DATED: April 9, 2007       .

                        Respectfully submitted,

                        s/ Allen von Spiegelfeld
                        Allen von Spiegelfeld
                        Florida Bar No. 256803
                        FOWLER WHITE BOGGS BANKER P.A.
                        P. O. Box 1438
                        Tampa, Florida  33601
                        (813) 228-7411
                        (813) 229-8313 - Facsimile
                        avonsp@fowlerwhite.com
                        Attorneys for Plaintiff

## VERIFICATION

STATE OF FLORIDA

COUNTY HILLSBOROUGH

Before me, the undersigned authority, personally appeared this day _Melinda MacConnel_ (Name), _General Counsel_ (Title), Odyssey Marine Exploration, Inc., who has produced _____ as identification or is personally known to me, and who was duly sworn and says that he has read the foregoing Complaint and is familiar with its contents which are true to the best of his information and belief.

_____ (Signature)
_Melinda J. MacConnel_ (Printed Name)
_General Counsel, Odyssey_ (Title)

SWORN TO AND SUBSCRIBED before me this _9th_ day of April, 2007.

_____
Notary Public, State of Florida
at Large