IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION
IN ADMIRALTY

ODYSSEY MARINE EXPLORATION, INC.

    Plaintiff,

vs.

THE UNIDENTIFIED, SHIPWRECKED
VESSEL, its apparel, tackle,
appurtenances and cargo located within
center point coordinates:
(to be provided to the Court under seal)
in rem,

    Defendant(s).
_____/

CIVIL ACTION

Case No.:  8:07-CV-00616-JSM-MSS

**MOTION FOR LEAVE TO FILE INFORMATION UNDER SEAL
<u>AND MEMORANDUM OF LAW IN SUPPORT</u>**

Counsel for Plaintiff, ODYSSEY MARINE EXPLORATION, INC. ("Odyssey"), pursuant to Local Rule 1.09 respectfully requests leave to file under seal the center point coordinates for the UNIDENTIFIED, SHIPWRECKED VESSEL, its apparel, tackle, appurtenances and cargo, which is the subject matter of this lawsuit. As grounds in support thereof, counsel states:

1.    The item under seal is a plot that broadly describes the area where the "unidentified" shipwreck is found.

2.    The description under seal provides the Court a means of identifying the sunken wreck.

3.  Due to the nature of salvage operations and the existence of pirates and poachers, it is necessary to maintain secrecy of the location of the sunken wreck.

4.  The information is important for the Court to have if there are any claims in the future, however, if made public, the door would be open for pirates, poachers and any other entity wanting a windfall to go to the location on the plot to disturb the salvage operation or to try to steal salvaged property.

## MEMORANDUM OF LAW IN SUPPORT

The Courts have long understood that, in salvage cases, especially those involving sunken wrecks, secrecy is often of the utmost importance. Not only is secrecy of the location important, but secrecy as to the amount of property obtained from the wreckage is important. In *Columbus America Discovery Group v. Atlantic Mutual Insurance Company, et. al.*, 203 F.3 291, 303 (4th Cir. 2000), the Court discussed the sealing of information relating to the inventory raised from the M/V Central America. The Court pointed out that the value of the property raised could be damaged by premature release of the inventory. That in and of itself was a basis for sealing the inventory. The Fourth Circuit recognized that court records need to be public since society cannot judge the Court's behavior unless its actions are in the open. However, the Court went on to say that it is not necessary that all of the facts of the case be made public early on, merely that they be made public at some point in the proceedings. In the present case, we are dealing with the location of a potentially valuable wreck. The location is unimportant to anybody other than those people who might try to interfere with Odyssey's salvage efforts.

In the Eleventh Circuit, the Court has determined the guidelines to be followed by the District Court in determining whether records should be sealed or opened. In the case of <u>Chicago Tribune Company v. Bridgestone Tire, Inc.</u>, 263 F.3d 1304, 1311 (11th Cir. 2006), the Court pointed out that the general presumption that criminal and civil actions should be conducted publicly and the common law right of access is not absolute. A judge should exercise discretion in deciding whether to release judicial records. The Court pointed out that:

> "Not unlike the Rule 26 standard, the common law right of access requires a balancing of competing interests. See <u>Newman</u>, 696 F.2d at 803."

There are circumstances where the balancing test is not sufficient; however, those cases are where the entire record is kept from the public. In this particular case, Plaintiff is only asking that the location of the vessel being salvaged be kept under seal.

It should be noted that the Complaint does have a very broad description of the location of the wreck. That broad location should be sufficient to alert any potential claimants. The exact location is only important if one intends to commit foul play against the salvors.

It is respectfully submitted that, under the balancing test, Odyssey should be allowed to seal the location of the sunken wreck that they are asking to be given permission to salvage. Obviously, if any claimants come forward, they would be entitled to see the location under the supervision of the Court.

In conclusion, it is respectfully requested that this Honorable Court grant Plaintiff's Motion for Leave to File Information Under Seal so as to be protected from the public and media.

WHEREFORE, Plaintiff, ODYSSEY MARINE EXPLORATION, INC., requests permission to file the center point coordinates for the UNIDENTIFIED, SHIPWRECKED VESSEL, its apparel, tackle, appurtenances and cargo under seal.

Respectfully submitted,

s/ Allen von Spiegelfeld
Allen von Spiegelfeld
Florida Bar No. 256803
FOWLER WHITE BOGGS BANKER P.A.
P.O. Box 1438
Tampa, FL 33601
813-228-7411
813-229-8313 – Facsimile
avonsp@fowlerwhite.com
Attorneys for Plaintiff

2344129