IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION
IN ADMIRALTY

ODYSSEY MARINE EXPLORATION, INC.

    Plaintiff,

vs.

THE UNIDENTIFIED, SHIPWRECKED
VESSEL, its apparel, tackle,
appurtenances and cargo located within
center point coordinates:
(to be provided to the Court under seal)

in rem,

    Defendant(s).
_____/

CIVIL ACTION

Case No. 8:07-CV-00616-JSM-MSS

**Opposed Motion of Claimant Kingdom of Spain
for a More Definite Statement and Other Disclosure
Before the Kingdom of Spain Interposes a Responsive Pleading**

Claimant the Kingdom of Spain ("Spain"), by its undersigned counsel, hereby moves, pursuant to Supplemental Rules for Certain Admiralty and Maritime Claims C(2)(b) and E(2)(a) and to Federal Rule of Civil Procedure 12(e), and without waiving any objections it may have to the jurisdiction of this Court,[1] for an Order directing Plaintiff Odyssey Marine Exploration, Inc. ("Odyssey") to file a more definite statement to disclose such other information as Plaintiff may

---

[1] As noted in Spain's Verified Claim filed May 30, 2007, Spain participates in this in rem proceeding without waiving, and with full reservation of, its rights of sovereign immunity. Spain also reserves all other potential jurisdictional questions.

possess bearing on whether Spain may have an interest in the res before Spain interposes a Supplemental Rule C(6)(a)(iv) responsive pleading to the Odyssey's Complaint.

Movant Spain, through counsel, certifies that it has conferred with Odyssey's counsel concerning this motion and has been advised that the motion is opposed.

## MEMORANDUM OF LAW

**I.     Background Statement**

This in rem claim to an allegedly unidentified shipwrecked vessel and its contents or cargo was filed on April 9, 2007. According to the Complaint, the vessel is "believed to be an Italian-registered passenger ship which sank in 1915 during World War I." Odyssey Complaint ¶ 8. According to the Complaint, a teacup bearing the name of "Societa d'Navigation A Bapore Italia" has been recovered and has been or will be turned over to the U.S. Marshal. Id. ¶ 10. The Complaint alleges that Odyssey has conducted substantial research concerning the vessel Id. ¶ 14.

On March 25, 2007, the Court directed Odyssey to publish a Notice of Arrest in newspapers in Spain and Italy. Clerk's Minutes on Status Conference (Apr. 25, 2007) (Document 11). Spain's Verified Claim, filed on May 30, 2007, states, inter alia, that it:

> affirms and restates its sovereign and other rights in its vessels and cargo, the non-abandonment of such property and its refusal of salvage as to any and all such vessels and property by Claimant Odyssey Marine Exploration that are or may be the subject to this proceeding and in which the Kingdom of Spain has an interest. The Kingdom of Spain further affirms and restates that arrest, recovery or other unauthorized disturbance or recovery by Odyssey Marine Exploration of property of the Kingdom of Spain is not authorized and the Kingdom of Spain reserves all rights and remedies arising from such activities.

Spain Verified Claim at 2.

By notice published in the Federal Register on February 5, 2004, Spain had previously put potential salvors or claimants such as Odyssey on notice of Spain's non-abandonment and refusal of salvage of sunken Spanish vessels and property. The 2004 notice refers to, inter alia, "Spanish laws and policy regarding the remains of sunken vessels that were lost while in the service of the Kingdom of Spain and/or were transporting property of the Kingdom of Spain" and states in part:

> In accordance with Spanish and international law, Spain has not abandoned or otherwise relinquished its ownership or other interests with respect to such vessels and/or its contents, except by specific action pertaining to particular vessels or property taken by Royal Decree or Act of Parliament in accordance with Spanish law. Many such vessels also are the resting place of military and/or civilian casualties.

Protection of Sunken Warships, Military Aircraft and Other Sunken Government Property, 60 Fed. Reg. 5647 (Feb. 5, 2004). Spain also gave "notice that salvage or other disturbance of sunken vessels or their contents in which Spain has such interests is not authorized and may not be conducted without express consent by an authorized representative of the Kingdom of Spain." Id.

Although Odyssey's Complaint tentatively identifies the vessel as an Italian passenger liner, the Complaint and Notice of Arrest do not state the name of the vessel or provide information as to whether it may contain property of Spain. Accordingly, Spain's claim has been filed to protect any interest Spain may have in the res. In accordance with long-settled principles of international law, the property of a foreign nation may be immune from arrest or attachment by a U.S. court. 28 U.S.C. § 1609 (2000); see, e.g., Schooner Exchange v. McFaddon, 11 U.S. (7 Cranch) 116 (1812); Berizzi Bros. Co. v. S.S. Pesaro, 271 U.S. 562 (1926). Moreover, the existence of sovereign immunity may deprive the court of subject matter jurisdiction as to that property. See Beg v. Islamic Republic of Pakistan, 353 F.3d 1323, 1328 (11th Cir. 2003)

(holding that FSIA, where applicable, divests a court from subject matter jurisdiction). Therefore, the issue of sovereign immunity should be resolved as expeditiously as possible. Guevara v. Republic of Peru, 468 F.3d 1289, 1305 (11th Cir. 2006).

Finally, under long-settled admiralty law, the owner of sunken property, and especially a governmental owner, has the right to refuse salvage and no award of salvage may be made against a vessel or other sunken property for which salvage has not been authorized. See, e.g., Int'l Aircraft Recovery, L.L.C. v. Unidentified, Wrecked & Abandoned Aircraft, 218 F.3d 1255, 1260-62 (11th Cir. 2000); Sea Hunt v. Kingdom of Spain, 221 F.3d 634, 647 fn.2 (4th Cir. 2000); Thomas J. Schoenbaum, Admiralty and Maritime Law 188 (4th ed. 2004).

## II. The Supplemental Rules Require Odyssey to Identify the Res with Reasonable Particularity

Under Supplemental Rules, an in rem complaint in admiralty is required to "describe with reasonable particularity the property that is the subject of the action." Supplemental Rule C(2)(b). This requirement is reinforced and heightened by Supplemental Rule E(2), which expressly requires the plaintiff to provide the information it possesses "with such particularity that the defendant or claimant will be able, without moving for a more definite statement, to commence an investigation of the facts and to frame a responsive pleading." Supplemental Rule E(2)(a) (emphasis added).

As the Eleventh Circuit has recognized, this pleading requirement in in rem cases is "more stringent than [] that of the Federal Rules," United States v. $38,000.00 in United States Currency, 816 F.2d 1538, 1547 fn.20 (11th Cir. 1987); see also Fathom Exploration, LLC v. Unidentified Shipwrecked Vessel or Vessels, 352 F. Supp. 2d 1218, 1222 (S.D. Ala. 2005). An in rem plaintiff such as Odyssey is required to provide "a meaningful level of detail in describing the property at issue" so that potential owners of the property can determine whether their

- 4 -

property is at stake and can intervene to protect their interests. See United States v. One Parcel of Real Property, 964 F.2d 1244, 1248 (1st. Cir. 1992). The purpose of this requirement is to "guard against the improper use of the admiralty arrest and seizure powers" to deprive others of their ownership interests over property at sea. United States v. Mondragon, 313 F.2d 862, 864-65 (4th Cir. 2002); Great Lakes Exploration Group LLC v. Unidentified, Wrecked and (for Salvage-Right Purposes), Abandoned Sailing Vessel, No. 1:04-CV-375, 2006 WL 3370878, at *3 (W.D. Mich. Nov. 20, 2006).

The information disclosed in Odyssey's complaint is not sufficient for Spain to frame a responsive pleading regarding Spain's potential interest in the res as required by Supplemental Rule C(6)(a)(iv). If, for example, the vessel is in fact an Italian vessel sunk in the Mediterranean Sea in 1915 during World War I, at a time when Italy and Spain were neutral non-combatants, the vessel may have been carrying cargo or other property of Spain. Odyssey's complaint suggests that it knows, or has reason to believe it knows, the name of the vessel through its examination of the site and the research it has conducted, but it has not included such information in the Complaint, nor has Odyssey identified the property on board that presumably attracted Odyssey's interest in the vessel. See Odyssey Complaint ¶ 7 (alleging that "Odyssey's research has led it to believe that more valuable cargo may be on board the ship").

Consistent with the letter and purpose of Supplemental Rules C(2)(b) and E(2)(a), as they supplement Federal Rule of Civil Procedure 12(e), Spain respectfully submits that Odyssey should be directed to file an amended Complaint specifically identifying the vessel, whose identity Odyssey presumably knows or has reason to know, and containing such information as Odyssey may know or have reason to know which would enable Claimant Spain to frame its

Supplemental Rule C(6)(a)(iv) responsive pleading and, among other things, to determine whether sovereign immunity may be invoked.[2]

The application of these rules to claims against shipwrecks was illustrated recently in Great Lakes Exploration Group LLC v. Unidentified, Wrecked & (for Salvage-Right Purposes), Abandoned Sailing Vessel, No. 1:04-CV-375, 2006 WL 3370878, at *3 (W.D. Mich. Nov. 20, 2006). In Great Lakes, a plaintiff claiming rights to a shipwreck was ordered to provide detailed information concerning the res, so that a claimant could investigate whether it had an ownership interest in the res and frame a responsive pleading. Id. at *1. Even though plaintiff had provided a description of the vessel's observed characteristics and, unlike Odyssey, identified, on information and belief, the name of the vessel and the year it sank, the court directed plaintiff to provide the specific location of the vessel to claimant. Id. at **1-3. When plaintiff failed to provide all the important identifying information it knew, the court dismissed plaintiff's complaint. Id. at *8.

Similarly, in Fathom Exploration, LLC v. Unidentified Shipwrecked Vessel or Vessels, plaintiff's complaint in rem against a sunken vessel was held to be insufficiently detailed to meet Supplemental Rules C(2)(b) and E(2)(a). 352 F. Supp. 2d at 1231. The complaint in Fathom provided the vessel's general coordinates, declared that the ship had no owner, and described some "artifacts" recovered from the site. Id. at 1120. The court agreed with claimant United States that an amended complaint disclosing the information held by plaintiffs was required. Id. at 1231. Accordingly, the court ordered plaintiff to "file an Amended Complaint setting forth

---

[2] By this motion, Spain likewise requests that it be provided access to copies of all documents concerning the res which have been filed under seal. This information may also be pertinent to the framing of a responsive pleading by Spain.

such additional reasonable details as it may have concerning the identity, nature, precise location, and embedded status of the Shipwreck . . . ." Id..

In short, an Order directing Odyssey to amend its Complaint to provide such additional information as Odyssey knows or has reason to know is appropriate in this case. Alternatively, Spain submits that, because of its deficiencies, Odyssey's Complaint may be dismissed without prejudice until such time as Odyssey may file an amended Complaint or other disclosure identifying the vessel and containing other information concerning the vessel's contents or cargo known or believed to be the case by Odyssey which would identify any interest of Spain in the res.

Respectfully submitted, on 19 June 2007 by

/s/ James A. Goold

James A. Goold, Esq.
Covington & Burling LLP
1201 Pennsylvania Ave., NW
Washington, DC 20004
Telephone: (202) 662-5507
Fax: (202) 662-6291
E-mail: jgoold@cov.com

David C. Banker, Esq.
Florida Bar ID #: 352977
Bush Ross, PA
220 S. Franklin St.
P.O. Box 3913
Tampa, FL 33601-3913
Telephone: (813) 224-9255
Fax: (813) 223-9620
E-mail: dbanker@bushross.com

CERTIFICATE OF SERVICE

I hereby certify that I caused the attached Motion to be served up on the attorney of record for Plaintiff, Allen von Spiegelfeld, by facsimile and by Federal Express delivery to:

> Allen von Spiegelfeld
> Fowler, White, Boggs, Banker, P.A.
> 501 E. Kennedy Blvd. - Ste. 1700
> P.O. Box 1438
> Tampa, FL 33601-1438
> Fax: (813) 229-8313

Dated: 19 June 2007

> James A. Goold, Esq.
> Covington & Burling LLP
> 1201 Pennsylvania Ave., NW
> Washington, DC 20004
> Telephone: (202) 662-5507
> Fax: (202) 662-6291
> E-mail: jgoold@cov.com