UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION
IN ADMIRALTY

| | |
|---|---|
| ODYSSEY MARINE EXPLORATION, INC. | |
| Plaintiff, | CIVIL ACTION |
| v. | Case No: 8:07-CV-00616-JSM-MSS |
| THE UNIDENTIFIED SHIPWRECKED VESSEL, its apparel, tackle, appurtenances and cargo located within a five mile radius of the center coordinates provided to the Court under seal, in rem, | |
| Defendant, and | |
| THE KINGDOM OF SPAIN, | |
| Claimant and Defendant. | |

**OPPOSED MOTION FOR ADDITIONAL EXTENSION OF TIME
TO RESPOND TO KINGDOM OF SPAIN'S MOTION FOR MORE
DEFINITE STATEMENT AND OTHER DISCLOSURE BEFORE
<u>KINGDOM OF SPAIN INTERPOSES A RESPONSIVE PLEADING</u>**

Odyssey Marine Exploration, Inc., Plaintiff, moves the Court for an additional extension of time for Plaintiff to respond to the Kingdom of Spain's Motion for More Definite Statement and Other Disclosure Before Kingdom of Spain Interposes a Responsive Pleading (Dkt. 17). By this Motion, Plaintiff requests the entry of an Order granting Plaintiff until Monday, August 6, 2007, in which to file its response to the Kingdom of Spain's Motion.

Dockets.Justia.com

**MEMORANDUM IN SUPPORT OF MOTION**

The foregoing Motion for an additional extension of time to file responsive pleading is made in accordance with Rule 6(b)(1) Federal Rules of Civil Procedure. From the record herein, Plaintiff notes that it previously requested an extension of time to file its response to the Kingdom of Spain's Motion (Dkt. 18), which request was granted by the Court in an Endorsed Order dated July 9, 2007, and which granted Plaintiff an extension of time to file its response through Monday, July 23, 2007 (Dkt. 19).

As grounds for the instant request for an additional extension of time for its response, Plaintiff represents that as part of its response, it will file an Amended Complaint and/or provide additional factual information concerning the salvage activity detailed in Plaintiff's Complaint, and expects that this additional information may render moot some or all of the bases upon which the Kingdom of Spain's Motion is based.

Among the reasons for Odyssey's request is the fact that its management and legal team have had to devote a substantial amount of time dealing with the unexpected detention of Odyssey's survey vessel OCEAN ALERT by the Spanish Government from July 12-18, 2007. Odyssey shall provide the Court with a more complete statement concerning the detention of the vessel and related proceedings in Spain in later filings. The detention of the OCEAN ALERT followed the issuance by the First Instance and Preliminary Investigations Court No. 3 of La Linea de la Concepcion in La Linea, Spain on June 1, 2007 of a secret order directing the Spanish Guardia Civil to arrest the OCEAN ALERT and ODYSSEY EXPLORER if and when they came into Spanish waters.

Odyssey was not provided with a copy of the said secret order, despite requests from its Spanish attorneys to the court. Odyssey became aware of the secret order from newspaper stories in the Spanish press. As result of the secret order, the OCEAN ALERT and ODYSSEY EXPLORER were effectively blockaded in the port of Gibraltar to avoid being seized by the Spanish government. Odyssey had reached an agreement with the Spanish court to allow a voluntary inspection of the OCEAN ALERT in international waters. In reliance on that agreement, the OCEAN ALERT departed from Gibraltar on July 12, but was subjected to a forced arrest and detention by governmental authorities of the Kingdom of Spain during the period July 12-18. During the detention by the governmental authorities of the Kingdom of Spain, various items of vessel equipment and personal equipment of persons onboard the vessel, were confiscated and have not been returned to Plaintiff and/or the concerned individuals as of this date. Among the items seized was the personal computer of one of Odyssey's attorneys which contained privileged communications relevant to this case. The ODYSSEY EXPLORER remains blockaded in Gibraltar.

Plaintiff submits that its willingness to submit/provide additional information relative to the salvage operations at issue, as detailed hereinabove, along with the extraordinary circumstances which Odyssey's legal team has had to address and the seizure of its attorney's computer by Spain, constitute good and sufficient cause to grant this extension as requested by Plaintiff. Plaintiff's response will hopefully resolve the issues raised in the Kingdom of Spain's Motion. Thus, granting the Motion will certainly be in the best interests of judicial economy.

- 4 -

## CERTIFICATE UNDER LOCAL RULE 3.01(g)

Pursuant to Local Rule 3.01(g), undersigned counsel for Plaintiff certifies that he has confirmed in good faith with counsel for claimant, Kingdom of Spain, concerning the substance of this Motion, and that counsel have been unable to reach agreement as to the relief requested by this Motion.

Respectfully submitted,

s/ Allen von Spiegelfeld
Allen von Spiegelfeld – FBN 256803
avonsp@fowlerwhite.com
Eric C. Thiel – FBN 016267
ethiel@fowlerwhite.com
FOWLER WHITE BOGGS BANKER P.A.
P.O. Box 1438
Tampa, Florida  33601
(813) 228-7411
Facsimile:  (813) 229-8313
Attorneys for Plaintiff

- 5 -

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 23, 2007, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to James A. Goold, Covington & Burling LLP, 1201 Pennsylvania Ave., NW, Washington, DC  20004, Attorneys for Claimant, Kingdom of Spain.

        s/ Allen von Spiegelfeld
        Allen von Spiegelfeld – FBN 256803
        avonsp@fowlerwhite.com
        Eric C. Thiel – FBN 016267
        ethiel@fowlerwhite.com
        FOWLER WHITE BOGGS BANKER P.A.
        P.O. Box 1438
        Tampa, Florida  33601
        (813) 228-7411
        Facsimile:  (813) 229-8313
        Attorneys for Plaintiff

2379179