IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION
IN ADMIRALTY

ODYSSEY MARINE EXPLORATION, INC.

    Plaintiff,

vs.

THE UNIDENTIFIED, SHIPWRECKED
VESSEL, its apparel, tackle, appurtenances,
and cargo located within center point
coordinates: (to be provided to the Court
under seal), *in rem*,

    Defendant(s).
_____/

CIVIL ACTION

Case No.: 8:07-CV-00616-SDM-MAP

**PLAINTIFF'S REPLY TO CLAIMANT KINGDOM OF SPAIN'S**
**OPPOSITION TO PLAINTIFF'S MOTION FOR ORDER**
**GRANTING PRELIMINARY INJUNCTIVE RELIEF**

Plaintiff, Odyssey Marine Exploration, Inc., ("Odyssey") by and through its undersigned counsel and files this, its Reply to Kingdom of Spain's ("Spain") Opposition to Plaintiff's Motion for Order Granting Preliminary Injunctive Relief (Dkt. 42), and in support thereof states as follows:[1]

---

[1] This Court has already recognized that preliminary injunctions are appropriate in admiralty arrests, and in fact granted a preliminary injunction in <u>Odyssey Marine Exploration, Inc. v. Unidentified Shipwrecked Vessel or Vessels</u>, case number 8:06-CV-1685-SDM-MAP (Dkt. 19).

## MEMORANDUM OF LAW

**I.    Odyssey Has Met All Requirements Necessary to Establish Its Rights Over the Site.**

Spain's Opposition to Plaintiff's Motion for Order Granting Preliminary Injunctive Relief is based in part upon its argument that Odyssey has failed to meet the pleading requirements in that it has not adequately identified the property it claims.[2] This argument is without merit. A salvor is required to describe the property with reasonable particularity such that the claimant will be able to commence an investigation and form a responsive pleading. U.S. v. $38,000.00 Dollars in U.S. Currency, 816 F.2d 1538, 1548 (11th Cir. 1987); Supplemental Rule C(6); Supplemental Rule E(8). Odyssey has clearly set forth the required information in its Amended Complaint.

Odyssey has located the Defendant Site, disclosed to Spain the general geographical location of the site and explained that it believes that the material recovered to date is from an Italian registered passenger liner that sunk in 1915 during World War I. (Amended Verified Complaint ¶ 17,18; (Dkt. 29)). This information is sufficient for Spain to commence an investigation of its claim, considering that they will also receive the sealed geographical information upon their agreement to keep the information confidential.[3] See Fathom Exploration, LLC v. Unidentified Shipwrecked Vessel or Vessels, etc, in rem, 352

---

[2] Spain's contention will be fully addressed in Odyssey's Opposition to Spain's Motion to Dismiss, which is incorporated herein.
[3] Odyssey also offered to produce a Preliminary Site Assessment which contained detailed archeological information, but Spain's refusal to keep information contained within the PSA confidential and its objection to the protective order has prevented the disclosure of the PSA.

F.Supp.2d 1218, 1226 (S.D. Ala. 2005). Accordingly, Odyssey has met the pleading requirements for in rem claims.

This Court properly granted a Warrant of Arrest on the Defendant Site based upon Odyssey's initial Verified Complaint and issued an order appointing Odyssey substitute custodian for the artifacts recovered. As such, this Court has recognized Odyssey is the custodian of the artifacts and Odyssey has properly pled all conditions to being salvor in possession of the Defendant Wreck Site.

II.  **Potential Harm to Odyssey and to the Defendant Wreck Site, Absent a Preliminary Injunction, Far Outweighs Any Harm to Spain or Any Other Third Party.**

Spain incorrectly asserts in its Opposition to Plaintiff's Motion for Order Granting Preliminary Injunctive Relief that an injunction would "encompass[] thousands of miles of ocean" and that the area identified "may include territorial waters of at least Spain, and possibly other European and African nations." (Dkt. 42:6) This is simply not true and is not what is requested in Odyssey's Motion. Odyssey seeks to enjoin third parties from conducting search and/or recovery operations and other actions that would disturb the Defendant Site.[4] (Dkt. 32:1) The injunction would encompass only that area over which this Court has already assumed jurisdiction - the defendant res over which it indisputably has jurisdiction. See R.M.S. Titanic, Inc. v. Haver, 171 F.3d 943, 961 (4th Cir. 1999). In its Opposition, Spain fails to define any "harm" which would inure to Spain or to any other third party if the injunction were to be granted. To the contrary, Odyssey, and most importantly, the Defendant Site, would suffer irreparable harm if injunctive relief is not issued.

---

[4] Odyssey is also prepared to file under seal a nautical chart depicting the location of the site.

Similarly, Odyssey's Motion does not request this Court to interfere with Spain's law-enforcement activities.[5] The injunctive relief is sought to properly protect the site and Odyssey's activities at the site as recognized by admiralty law. See Treasure Salvors, Inc. v. Unidentified Wrecked and Abandoned Sailing Vessel, 640 F.2d 560, 566 (5th Cir. 1981). Odyssey has every reason to be concerned, based on Spain's prior actions, that if an injunction is not issued, Spain may take actions which might jeopardize the security of the Defendant Site, interfering with Odyssey's recognized rights as a salvor in possession.

### III. This Court Has *In Personam* Jurisdiction Over Spain.

This Court has *in personam* jurisdiction over Spain because Spain has actively and voluntarily decided to intervene in the determination of the ownership of the vessel by filing a general appearance in its Verified Claim. (Dkt. 14) The Verified Claim of Spain in this matter did not explicitly state its appearance was being restricted under Supplemental Rule E(8). Accordingly, Spain has entered a general appearance and is before this Court *in personam*. See U.S. v. Republic Marine, Inc., 829 F.2d 1399, 1402-1403 (7th Cir. 1987). Even if Spain had entered a restricted appearance, by the very nature of salvage actions and the sometimes necessary adjudication of competing ownership claims, this Court necessarily has *in personam* jurisdiction over competing claims of ownership which may or may not even include Spain. See Cobb Coin Co., Inc. v. Unidentified, Wrecked and Abandoned Sailing Vessel, 549 F.Supp. 540, 552-553 (S.D. Fla. 1982). Accordingly, this Court has *in personam* jurisdiction over Spain and has jurisdiction over the res in dispute. This Court has

---

[5] Spain argues the purpose of the injunction is to interfere with its police power and acts of state. A plain reading of Odyssey's Motion for Preliminary Injunction clearly shows it is directed at preserving the security of the sensitive archeological site.

the power to grant Odyssey's Motion for Preliminary Injunction and should do so. Alternatively, Plaintiff is in the process of serving Spain pursuant to the Foreign Sovereign Immunities Act and its express exception to that permits U.S. courts to exercise jurisdiction over in rem claims against a sovereign's vessel.[6] 28 U.S.C. § 1605(b). If this Court determines it has no personal jurisdiction over Spain, Odyssey's motion should be held in abeyance pending this Court's obtaining *in personam* jurisdiction following service on Spain.

### IV.   Odyssey's Likelihood of Success Under the Law of Salvage is Clear.

Spain asserts in it Opposition that it has unilaterally and unconditionally denied salvage of any of its property. This statement, however, is not supported by any factual allegations in the Amended Verified Complaint. Namely, Plaintiff has alleged that it believes the arrested vessel to be an Italian registered passenger vessel. Despite these facts, Spain apparently claims to be the owner of the wreck or have some other, unknown interest in the wreck. Despite these facts, Spain argues Odyssey can in no way prevail. Such conclusory statements fly in the face of the facts contained within the Verified Complaint and other pleadings. Since Spain has not identified its interest in the Italian registered vessel, its claims of unauthorized salvage must fail. Odyssey has demonstrated the likelihood of it succeeding on the merits and has the right to continue salvage, free from intervention against all the world under international law. See Treasure Salvors, Inc., 640 F.2d at 566; R.M.S. Titanic, Inc., 171 F.3d at 961.

---

[6] Opposition to Spain's sovereign immunity argument is more fully contained with Odyssey's Opposition to Spain's Motion to Dismiss, which is incorporated herein.

In conclusion, Odyssey has shown it is entitled to a preliminary injunction, and Odyssey's Motion for Order Granting Preliminary Injunctive Relief should be granted.

Respectfully submitted,

s/ Allen von Spiegelfeld
Allen von Spiegelfeld – FBN 256803
avonsp@fowlerwhite.com
Eric C. Thiel – FBN 016267
ethiel@fowlerwhite.com
FOWLER WHITE BOGGS BANKER P.A.
P.O. Box 1438
Tampa, Florida 33601
(813) 228-7411
Facsimile: (813) 229-8313
Attorneys for Plaintiff

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on October 22, 2007, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to James A. Goold, Covington & Burling LLP, 1201 Pennsylvania Ave., NW, Washington, DC 20004; and David C. Banker, Bush Ross P.A., 220 S. Franklin Street, P. O. Box 3913, Tampa, FL 33601, *Attorneys for Claimant, Kingdom of Spain.*

s/ Allen von Spiegelfeld
Allen von Spiegelfeld – FBN 256803
avonsp@fowlerwhite.com
Eric C. Thiel – FBN 016267
ethiel@fowlerwhite.com
FOWLER WHITE BOGGS BANKER P.A.
P.O. Box 1438
Tampa, Florida 33601
(813) 228-7411
Facsimile: (813) 229-8313
Attorneys for Plaintiff

2410192