IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION
IN ADMIRALTY

ODYSSEY MARINE EXPLORATION, INC.

    Plaintiff,

vs.

THE UNIDENTIFIED, SHIPWRECKED
VESSEL, its apparel, tackle, appurtenances and
cargo located within center point coordinates
provided to the Court under seal,

    Defendant;
    in rem

and

The Kingdom of Spain,

    Claimant.
_____/

CIVIL ACTION

Case No. 8:07-CV-0616-SDM-MAP

**Claimant Kingdom of Spain's Reply
to Plaintiff's Opposition to Claimant's Motion to Dismiss**

Claimant Kingdom of Spain ("Spain") hereby files its reply to Plaintiff Odyssey Marine Exploration, Inc.'s ("Odyssey") Opposition to Claimant Kingdom of Spain's Motion to Dismiss ("Opposition") (Dkt. 58).

**Memorandum of Law**

**I.**     **Spain's Motion to Dismiss Odyssey's *In Rem* Claims Is Not Procedurally Defective and Should Be Granted Because of Odyssey's Continued Failure to Meet Its Pleading Obligations.**

In opposition to Spain's motion to dismiss Odyssey's in rem claims, Odyssey contends that Spain's motion is procedurally defective because Spain should have first moved under Supplemental Rule E(4)(f) for a hearing about the appropriateness of the court's arrest of the res

in this case. See Odyssey's Opposition at 3-4 (Dkt. 58). Odyssey cites no authority for the proposition that a motion under Supplemental Rule E(4)(f) must precede a motion to dismiss the underlying in rem claims under Federal Rule of Civil Procedure 12(b). Neither Supplemental Rule E(4)(f) nor the Local Rules preclude a motion to dismiss.[1]

Odyssey also asserts that the bare-bones information it has provided about the res "clearly" suffices for purposes of the Supplemental Rules' strict pleading requirement. Odyssey's Opposition at 5. This argument snubs the text of the Supplemental Rules and the court decisions that have interpreted these rules. For instance, the rules require Odyssey to "describe with reasonable particularity the property [] subject to the action" in its complaint. Supplemental Rule C(2)(b) (emphasis added). The plain meaning of this text requires Odyssey to give a reasonably "detailed or graphic account of" the res in the complaint, including its "characteristics" and "peculiarities." See New Oxford English Dictionary 644, 2110 (Lesley Brown ed., 4th ed. 1993) (defining "describe" and "particularity").[2] Far from doing this, Odyssey has twice provided only generalities about the res (e.g., "artifacts") and, thus, has failed to give a reasonably detailed account of which vessel and what artifacts are at issue in this case.

Odyssey also asks the Court to disregard unfavorable language in the decisions that have interpreted the Supplemental Rules' pleading provisions in shipwreck cases. See Odyssey's

---

[1] Supplemental Rule E(4)(f) simply gives claimants the right to move for a hearing whenever their property is arrested or attached to determine whether such arrest or attachment should be vacated. This rule is not inconsistent with Federal Rule 12(b). See Supplemental Rule A ("The Rules of Civil Procedure for the [U.S.] District Courts are also applicable to [admiralty actions in rem] except to the extent they are inconsistent with these Supplemental Rules."). Furthermore, Odyssey reads too much into Local Rule 7.03(g), which says only that, in addition to a Supplemental Rule E(4)(f) motion or a verified claim to the res, a claimant "may" concurrently "file a motion and proposed order directing plaintiff to show cause why the arrest should not be vacated." Local Rule 7.03(g).

[2] See also United States v. One Parcel of Real Property with the Building, Appurtenances, and Improvements Known as 384-390 W. Broadway, S. Boston, Ma., 1248 (1st Cir. 1992) ("[I]t is plain from [Supplemental Rule C(2)(b)]'s text that [the] complaint must achieve a meaningful level of detail in describing the property . . . .").

Opposition at 5. As discussed in Spain's Motion to Dismiss, two different federal district courts have held that a purported salvor breached its pleading obligations because it did not provide details that would help determine the claimant's ownership interest in the shipwrecked res. One of these courts gave the plaintiff its first opportunity to amend its original complaint and come into compliance with the rules.[3] The other court dismissed the case because the plaintiff continued to flout its pleading obligations despite having been given the opportunity to comply.[4] Here, Odyssey was given an opportunity to come into compliance with the Supplemental Rules when Spain filed its Motion for More Definite Statement (Dkt. 17), but the Amended Complaint filed in response to Spain's motion failed once again to comply with the rules.[5] Therefore, dismissal of Odyssey's in rem claims is appropriate.[6]

---

[3] Fathom Exploration, LLC v. Unidentified Shipwrecked Vessel or Vessels, 352 F. Supp. 2d 1218, 1231 (S.D. Ala. 2005). Notably, the court concluded that the amended complaint must include, among other things, information about the "nature, description, and possible identity" of the res. Id. at 1229 (emphasis added). In light of this conclusion, it is hard to see how Fathom "actually supports Odyssey's contention that it has complied with Supplemental Rules C and E." Odyssey's Opposition at 7.

[4] Great Lakes Exploration Group LLC v. Unidentified, Wrecked and (for Salvage-Right Purposes), Abandoned Sailing Vessel, No. 04-375, 2006 WL 3370878 (W.D. Mich. Nov. 20, 2006). Odyssey attempts to distinguish Great Lakes, arguing that the case's holding was based in part on the Abandoned Shipwreck Act ("ASA"), which gives ownership to states over shipwrecks embedded in the sea floor within their jurisdiction. Odyssey misses the point that compliance with the Supplemental Rules was required in Great Lakes precisely because it would lead to information that would help determine the vessel's ownership (i.e., the location and embedded status of the res). See id. at 4 ("The second amended complaint does not meet the 'reasonable particularity' requirement because it [does] not disclose a part of Defendant[ shipwreck]'s description that is known to Plaintiff and which is important to defining Defendant.") (emphasis added).

[5] It is not true that Spain "withdrew" its motion for more definite statement. Odyssey's Opposition at 9 n.4. Before the Court could rule on the motion, Odyssey filed its Amended Complaint, paradoxically declaring that it "d[id] not object to [Spain's] Motion" while failing to provide the information that the motion called for. See Amended Complaint at 1 (Dkt. 29). As an alternative to dismissal, Spain has therefore renewed its request for a more definite statement. Spain's Motion to Dismiss at 21 n.12 (Dkt. 41).

[6] Odyssey counters that dismissal of Spain's claim is appropriate because "Spain is unable to demonstrate that it has standing to contest the arrest of the unidentified shipwreck in this case." Odyssey's Opposition at 2-3. Odyssey explains that the shipwreck here was an Italian-registered vessel and that Spain's claim "does not specifically identify any interest it may have in the vessel." Id. at 2. But Spain's Verified Claim makes clear that "Spain has not abandoned its ownership and other rights . . . in cargo or other property of [Spain] on or in sunken vessels." Spain's (continued...)

## II. Odyssey's Opposition Ignores or Misinterprets the Foreign Sovereign Immunities Act's Bar on Jurisdiction Over *In Personam* Claims Against Spain in this Case.

In opposition to Spain's motion to dismiss Odyssey's in personam claims (i.e., Counts III through VI of its Amended Complaint (Dkt. 29), see Spain's Motion to Dismiss at 9, 12 n.7 (Dkt. 41)), Odyssey first argues that there is personal jurisdiction over Spain because Spain purportedly filed a general appearance in this case. See Odyssey's Opposition at 11. This argument ignores both applicable law and the explicit language of Spain's Verified Claim. "Under the [Foreign Sovereign Immunities Act ("FSIA")], personal jurisdiction equals subject matter jurisdiction plus valid service of process." Shapiro v. Republic of Bolivia, 930 F.2d 1013, 1020 (2d Cir. 1991); see 28 U.S.C. § 1330(b) (Supp. IV 2005). Notwithstanding the FSIA's clear mandate, Odyssey posits the novel theory that personal jurisdiction over Spain exists in this case because Spain's Verified Complaint did not explicitly limit Spain's appearance to the in rem issues that originally animated these proceedings. See Odyssey's Opposition at 11. But Spain's Verified Claim makes clear that "[n]othing [t]herein constitutes or may be construed as any waiver or limitation upon the sovereign immunity of the Kingdom of Spain and its property." Spain's Verified Claim at 2 (Dkt. 14). In light of this language and the FSIA's governance of personal jurisdiction over Spain, Odyssey's suggestion that Spain waived its immunity for personal jurisdiction purposes borders on the frivolous.[7]

---

Verified Claim at 1 (Dkt. 14) (emphasis added). Ironically, Odyssey thus uses its failure to provide the information necessary for the evaluation of Spain's potential interest in the res as grounds for dismissal of Spain's claim.

[7] Apparently recognizing its error, Odyssey began the process of effecting service pursuant to the FSIA after Spain filed its motion to dismiss. See Summons as to the Kingdom of Spain (Dkt. 47). Odyssey therefore asks the Court to hold Spain's motion "in abeyance" until Odyssey properly serves Spain. Odyssey's Opposition at 12. As discussed below, however, Odyssey's in personam claims are subject to dismissal anyway. See Alberti v. Empresa Nicaraguense de la Carne, 705 F.2d 250, 253 (2d Cir. 1983) (rejecting a plaintiff's request for a second chance to effect proper service under the FSIA because "[i]t would be a waste of judicial resources to allow plaintiffs to go through the motions of service if the suit will later be dismissed on some other ground").

Odyssey's attempt to apply specific FSIA exceptions to its in personam claims against Spain is equally off the mark. First, Odyssey makes murky references to Spain having "waived" its sovereign immunity, see Odyssey's Opposition at 15-16, even though Spain has expressly and consistently reserved its immunity since it filed its claim in this proceeding. Second, Odyssey argues that 28 U.S.C. § 1605(b) supplies a basis for jurisdiction over at least one of its in personam claims against Spain, see Odyssey's Opposition at 15, but completely overlooks that provision's requirement that, among other things, the maritime lien be "based upon a commercial activity of the foreign state . . . ."[8] Finally, Odyssey argues that the FSIA's exception for counterclaims against a foreign sovereign supplies a basis for jurisdiction over at least two of its in personam claims against Spain. See Odyssey's Opposition at 14, 16. It should go without saying that a "counterclaim" is a "claim against one who previously claimed against him." Gene R. Shreve & Peter Raven-Hansen, Understanding Civil Procedure 259 (3d ed. 2002) (emphasis added).[9] Here, Odyssey's in personam claims against Spain are not "counterclaims" because Spain has not filed a claim against Odyssey, but rather a claim to the Defendant res.

Respectfully submitted, on November 5, 2007, by:

s/ James A. Goold
James A. Goold
District of Columbia Bar # 430315
Covington & Burling LLP
1201 Pennsylvania Ave., NW

David C. Banker
Florida Bar # 352977
Bush Ross, PA
220 S. Franklin Street

---

[8] In any event, 28 U.S.C. 1605(b) does not apply to in rem claims against shipwrecks; its focus being on vessels in operation and subject to a lien arising out of services rendered to or injuries caused by those vessels. See Thomas J. Schoenbaum, Admiralty and Maritime Law § 9-1 (4th ed. 2004); H.R. Rep. No. 94-1487, at 21.

[9] See also United States v. $10,000.00 in U.S. Funds, 863 F. Supp. 812, 816 (S.D. Ill. 1994) ("[C]ivil forfeiture proceedings are in rem actions. The $10,000.00 is the defendant, not [the purported claimants]. A counterclaim is an action brought by a defendant against the plaintiff. Whatever the claimant's pleading is, it is not properly a counterclaim."); Black's Law Dictionary 106 (3d ed. 1991) (defining "counterclaim" as a "counter-demand made by defendant against the plaintiff.").

-6-

| | |
|---|---|
| Washington, DC 20004<br>Telephone: (202) 662-5507<br>Fax: (202) 662-6291<br>E-mail: jgoold@cov.com | P.O. Box 3913<br>Tampa, Florida 33601-3913<br>Telephone: (813) 224-9255<br>Fax: (813) 223-9255<br>E-mail: dbanker@bushross.com |

## Certificate of Service

I hereby certify that I caused the foregoing Claimant Kingdom of Spain's Reply to Plaintiff's Opposition to Claimant's Motion to Dismiss to be served on Plaintiff's counsel, Allen von Spiegelfeld and Eric C. Thiel, via the Court's CM/ECF system on November 5, 2007.

                                            s/ James A. Goold
                                            James A. Goold
                                            District of Columbia Bar # 430315
                                            Covington & Burling LLP
                                            1201 Pennsylvania Ave., NW
                                            Washington, DC 20004
                                            Telephone: (202) 662-5507
                                            Fax: (202) 662-6291
                                            E-mail: jgoold@cov.com