UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION
IN ADMIRALTY

ODYSSEY MARINE EXPLORATIONS, INC.,

      Plaintiff,

v.                                                                                    CASE NO. 8:07-cv-00616-SDM-MAP

THE UNIDENTIFIED, SHIPWRECKED
VESSEL, its apparel, tackle, appurtenances
and cargo located within center point
coordinates: (to be provided to the Court
under seal),

      Defendant;
      <u>in rem</u>

and

THE KINGDOM OF SPAIN,

      Claimant/Defendant
_____/

### CLAIMANT KINGDOM OF SPAIN'S RESPONSE TO COURT ORDER SCHEDULING PRELIMINARY PRETRIAL CONFERENCE AND DIRECTING ANSWERS TO STANDARD INTERROGATORIES

Pursuant to the Court's Order of November 2, 2007 Scheduling Preliminary Pretrial Conference and Directing Answers to Standard Interrogatories (Dkt. 65), Claimant Kingdom of Spain ("Spain") responds to Defendant's Interrogatories as follows:

**DEFENDANT'S INTERROGATORY #1**

**State whether the defendant is properly identified and, if not, give his or her proper identification. State whether you will waive service or accept service on an amended summons and complaint reflecting the information furnished by you in this answer.**

Claimant's Answer to Interrogatory # 1

For the reasons set forth in its pending Motion to Dismiss Plaintiff's Amended Complaint and for Other Relief ("Motion to Dismiss") (Dkt. 41), Spain believes that, in this in rem case in which the Defendant is a shipwreck and its contents, the Defendant res has not been properly identified by Plaintiff. In view of the absence of such information, Claimant Spain is not able to state the identity of the Defendant property.

With respect to the in personam claims against Spain alleged by Plaintiff in the Amended Complaint, Spain has been properly identified by Plaintiff as "Kingdom of Spain," but Spain denies that such claims may be brought against it for the reasons set forth in Spain's pending Motion to Dismiss such claims.

With respect to waiver or acceptance of service, Spain states that service of any claim directed against Spain, a sovereign nation, is governed by the specific statutory requirements of the Foreign Sovereign Immunities Act, 28 U.S.C. §1608 (Supp. IV 2005), and Spain has not waived and does not intend to waive service in accordance with these requirements as to any amended summons and complaint. Spain further notes that Plaintiff has caused the issuance of a summons for plaintiff's Amended Complaint and Plaintiff states in its response to Plaintiff's Standard Interrogatory # 1 that it intends to effect service on Spain pursuant to the FSIA. To counsel's knowledge, Plaintiff has not as yet effected such service.

**DEFENDANT'S INTERROGATORY #2**

**Describe in detail all laws, acts having the force and effect of law, codes, regulations and legal principles, standards, and customs or usages which you contend are applicable to the instant action.**

Claimant's Answer to Interrogatory # 2

Based on the present state of the pleadings, in which Spain believes Plaintiff has failed to properly identify the Defendant res and therefore to provide information necessary for Spain to investigate the facts and frame a responsive pleading or to fully answer this interrogatory, Spain preliminarily identifies the following as applicable or potentially applicable. Spain reserves the right to supplement its response if and when Plaintiff provides further information identifying the res at issue in this action and/or to rely on additional laws, codes, legal principles, etc., at a future stage in these proceedings.

A. Supplemental Rules of Admiralty C and E

For the reasons set forth in more detail in its pending Motion to Dismiss, Spain believes that Plaintiff's in rem claims against the Defendant res are subject to dismissal for failure to identify the res with particularity.

B. The Foreign Sovereign Immunities Act ("FSIA") - Immunity As To *In Rem* and *In Personam* Claims

Under the FSIA, 28 U.S.C. §§1330, 1602-11, a foreign sovereign is immune from the jurisdiction of U.S. courts unless a specific statutory exception to such immunity is present. Spain believes that no such exception is applicable to this action. Spain filed a Verified Claim in this action, with full reservation of Spain's sovereign immunity, for the limited purpose of protecting its potential interest in the Defendant property that is the subject of Plaintiff's in rem claims, without any waiver of all applicable immunities and jurisdictional defenses. For the reasons set forth in its pending Motion to Dismiss, Spain believes that the FSIA applies in this action and mandates dismissal of Plaintiff's claims against Spain for lack of personal and subject matter jurisdiction.

Under the FSIA, 28 U.S.C. §1609, property in the United States of a foreign sovereign is immune from attachment, arrest and execution, subject only to exceptions provided in 28 U.S.C. §§1610 and 1611 which Spain believes are inapplicable to this action. Under the FSIA, 28 U.S.C. §1611, property of a foreign sovereign's monetary authority and property used in connection with a military activity are also immune from attachment and/or execution.

By its pending Motion to Dismiss, Spain seeks dismissal of Plaintiff's in rem claims against the Defendant res, or, in the alternative, identification of the res, in accordance with Supplemental Rules C and E. If Plaintiff's in rem claims are not dismissed pursuant to the pending motion, Spain anticipates that disclosure by Plaintiff of information available to Plaintiff identifying the res will result in invocation by Spain of FSIA immunity as to the res by responsive pleading and/or by a dispositive motion to dismiss Plaintiff's in rem claims against the res, to affirm Spain's ownership and control of all or any portion of the res in which Spain has an interest, to deny Plaintiff any salvage or other award against such property, and to mandate return to the custody of Spain of all materials taken from the res in which Spain has an interest.

C. FSIA Immunity as to Discovery

The same principles of immunity provided by the FSIA from claims against a foreign sovereign and its property mandate that such discovery, if any, as may be allowed against a foreign sovereign shall be narrowly tailored and limited to the greatest extent practicable to such specific facts as may be crucial to verification of the sovereign immunity of the foreign state and/or its property. "[I]n the FSIA context, 'discovery should be ordered circumspectly and only to verify allegations of specific facts crucial to an immunity determination.'" EM. Ltd. v.

Republic of Argentina, 473 F.3d 463, 486 (2d Cir. 2007) (internal citations omitted). "FSIA immunity is immunity not only from liability, but also from the costs, in time and expense, and other disruptions attendant to litigation." Id.; Phoenix Consulting, Inc. v. Republic of Angola, 216 F.3d 36, 39 (D.C. Cir. 2000) (noting that under FSIA a foreign sovereign has "immunity from trial and the attendant burdens of litigation, and not just a defense to liability on the merits"); Kelly v. Syria Shell Dev. B.V., 213 F.3d 841, 849 (5th Cir. 2000) ("Again, FSIA immunity is immunity not only from liability, but also from the costs, in time and expense, and other disruptions attendant to litigation."). The filing of a Verified Claim by a foreign sovereign to protect its interest in a Defendant res, with reservation of immunity as Spain has done, does not effect a waiver of FSIA immunity. See Coastal Cargo Co. v. M/V Gustav Sule, 942 F. Supp. 1082, 1087 (E.D. La. 1996) (concluding that a foreign sovereign did not waive FSIA immunity when, among other things, it filed a claim to a vessel in an admiralty suit with full reservation of its defenses).

In the event that its pending Motion to Dismiss is not granted, Claimant Spain therefore believes that in this action and in related cases (8:06-cv-01685-SDM-MAP and 8:07-cv-00616-SDM-MAP), the proper procedure in this action is for Plaintiff to be required first to file an Amended Complaint identifying the res with particularity and providing such information as is available to identify the res, including through such discovery of Plaintiff as may be necessary for identification of the res. Thereafter, Spain may frame a responsive pleading and/or a dispositive motion to enforce its FSIA immunity as to its interest in the property, following which it can be determined whether, and to what extent, any discovery of Spain may be consistent with the FSIA.

D. The Act of State Doctrine

For the reasons set forth more fully in its pending Motion to Dismiss, Spain believes that the Act of State doctrine applies in this action to require dismissal of the Counts in Plaintiff's Amended Complaint which operate in personam against Spain, since these claims are premised, in whole or in part, on alleged acts by Spanish authorities and, thus, seek to have this Court review and adjudicate public acts of the Spanish judiciary and/or Spanish government officials and agencies.

E. International Law (e.g., 1902 Treaty between the United States and Spain of Friendship and General Relations)

Article X of the Treaty of Friendship and General Relations between the United States and Spain provides:

> In cases of shipwreck, damages at sea, or forced putting in, each party shall afford to the vessels of the other, whether belonging to the State or to individuals, the same assistance and protection and the same immunities which would have been grated to its own vessels in similar cases.

Treaty of Friendship and General Relations, U.S.-Spain, art. X, July 3, 1902, 33 Stat. 2105. Under this treaty provision, Spain's interests in shipwrecked vessels and property "shall receive the same immunities conferred upon similarly situated vessels of the United States." Sea Hunt, Inc. v. Kingdom of Spain, 221 F.3d 634, 642 (4th Cir. 2000). Accordingly, Spain's interests in sunken vessels or property may not be deemed abandoned except by authorized, official acts of express abandonment by Spain. Id. at 647. Furthermore, Spain's interests are subject to the same protections and immunities applicable to U.S. vessels and U.S. property under U.S. law as a matter of international reciprocity and comity. See id. at 647. These and similar principles of international law may be applicable in this case.

F. Spanish Law

Spain believes that a number of Spanish laws are or may be applicable to this action in accordance with well-established principles of international choice-of-law and comity. These laws include those protecting and prohibiting the taking of Spanish Historical Heritage and those generally prohibiting the unauthorized taking of property of the Kingdom of Spain. For example, Spanish Law 16/1985, dated 25 June 1985, on Spanish Historical Heritage provides, inter alia, that movable objects of archaeological interest, including objects removed from underwater sites, may constitute inalienable property of Spain, the title to which may not be acquired by Plaintiff or by any purchaser from Plaintiff, and mandates recovery by Spain of all such materials. Disturbance, removal, and/or export of Spanish Historical Heritage is also subject to prohibitions, including criminal sanctions, under Spanish law that may be applicable in this action.

G. Admiralty Law - Non-Abandonment

Under long-settled principles of admiralty law, ownership of a sunken vessel and/or its cargo or other contents is not lost by this property's sinking, and may only be lost by express, authorized, and affirmative act of abandonment. As summarized in Sea Hunt, Inc. v. Kingdom of Spain, 221 F.3d 634, 641 (4th Cir. 2000):

> When 'a previous owner claims long lost property that was involuntarily taken from his control, the law is hesitant to find an abandonment.' Columbus-America, 974 F.2d at 467-68; see also Fairport, 177 F.3d at 498; Hener v. United States, 525 F.Supp. 350, 356-57 (S.D.N.Y. 1981). An inference of abandonment is permitted, but only when no owner appears. See Columbus-America, 974 F.2d at 464-65 ('Should the property encompass an ancient and long lost shipwreck a court may infer an abandonment. Such inference would be improper, though, should a previous owner appear and assert his ownership interest. . . .').

Id. By Diplomatic Note of December 19, 2002, published by the U.S. Department of State in the Federal Register, Spain has affirmed and put Plaintiff on notice with respect to:

> the matter of Spanish laws and policy regarding the remains of sunken vessels that were lost while in the service of the Kingdom of Spain and/or were transporting property of the Kingdom of Spain. In accordance with Spanish and international law, Spain has not abandoned or otherwise relinquished its ownership or other interests with respect to such vessels and/or its contents, except by specific action pertaining to particular vessels or property taken by Royal Decree or Act of parliament in accordance with Spanish law. Many such vessels also are the resting place of military and/or civilian casualties.

69 Federal Register 5647 (Feb. 5, 2004).

### H. Admiralty Law - Salvage

It is a long-established doctrine of admiralty law that the master or owner of a vessel and/or the owner of sunken property has the right to refuse salvage. Accordingly, no award of salvage may be made against a vessel or other property for which salvage has not been authorized. See, e.g., Int'l Aircraft Recovery, L.L.C. v. Unidentified, Wrecked & Abandoned Aircraft, 218 F.3d 1255, 1260-62 (11th Cir. 2000); Sea Hunt v. Kingdom of Spain, 221 F.3d 634, 647 n.2 (4th Cir. 2000). The Eleventh Circuit has noted, for example, that "[o]nly in a rare case where the government owner gives express or implied consent to salvage, should an award be given because the government has full power to reject or prohibit the services." Int'l Aircraft Recovery, 218 F.3d at 1262 n.16 (quoting Thomas J. Schoenbaum, Admiralty and Maritime Law §16-7 (2d ed. 1994)); see also Thomas J. Schoenbaum, Admiralty and Maritime Law 188 (4th ed. 2004). Any owner, whether sovereign or not, has the right to reject salvage. See Thomas J. Schoenbaum, Admiralty and Maritime Law 167 (4th ed. 2004) ("Salvage cannot be forced upon an owner . . . of the vessel; a salvor who acts without the express or implied consent of the owner

is a 'gratuitous intermeddler,' who is not entitled to any salvage award.") (internal citations omitted).

Consistent with long-standing international and U.S. law, as well as recent case law specifically affirming the application of these principles to shipwrecked Spanish property, see generally Sea Hunt v. Kingdom of Spain, 221 F.3d 634 (4th Cir. 2000), Spain has given notice to potential claimants or salvors, such as Odyssey, affirming that Spain's sunken vessels and property have not been abandoned and may not be disturbed or salvaged without express authorization. As summarized by Spain in the February 5, 2004 Federal Register, supra, "salvage or other disturbance of sunken vessels or their contents in which Spain has such interests is not authorized and may not be conducted without express consent by an authorized representative of the Kingdom of Spain."

It is also a relevant principle of salvage law that to be eligible for an award, "a salvor must acquire possession lawfully." Lathrop v. Unidentified Wrecked & Abandoned Vessel, 817 F.Supp. 953, 963 (M.D. Fla. 1993). In accordance with this principle, violations of Spanish and/or U.S. law by Plaintiff in the unauthorized disturbance, taking, and transport to the U.S. of property of Spain may further preclude any salvage or other award to Plaintiff and mandate return to Spanish custody of all such property.

## **DEFENDANT'S INTERROGATORY #3**

**Furnish a detailed factual basis for the defenses you assert in your answer.**

Claimant's Answer to Interrogatory # 3

Claimant Spain has pending a Motion to Dismiss and has not as yet prepared or filed an answer. In the event that the motion to dismiss is denied, Spain seeks in the alternative that

Plaintiff be directed to file an amended complaint that identifies the defendant res with sufficient particularity for Spain to investigate the facts and frame an answer or other responsive pleading.

### DEFENDANT'S INTERROGATORY #4

**State to the best of your knowledge whether all proper parties have been joined. If you contend that some other person or legal entity is, in whole or in part, liable to the plaintiff or defendant in this matter, state that party's full name, address and telephone number, and describe in detail the basis of the alleged liability.**

Claimant's Answer to Interrogatory # 4

Spain is unable to state whether all proper parties have been joined. Spain believes one of the purposes for which Supplemental Rules C and E require an in rem plaintiff to describe with particularity the res claimed in the case is to enable all potentially proper parties to determine whether to file a Verified Claim to the res. For the reasons set forth in its pending Motion to Dismiss, Spain believes that Odyssey has failed to comply with its obligation to provide such information.

Spain has not to date identified any other person or legal entity that it contends is liable to the Plaintiff or to Spain in this matter.

### DEFENDANT'S INTERROGATORY #5

**Describe the nature of all dispositive motions which are anticipated to be filed in this action.**

Claimant's Answer to Interrogatory # 5

Spain has pending a Motion to Dismiss. In the event that dismissal is not ordered, Spain anticipates that it will file a dispositive motion following disclosure by Plaintiff of the identity of the vessel and/or of the information which Spain believes is in Plaintiff's possession identifying

the vessel and/or Spain's interest in the contents of the vessel. Based on previous experience with similar claims, Spain anticipates that its motion would be for judgment on the pleadings and/or for summary judgment.

Spain notes that Sea Hunt v. Kingdom of Spain, 221 F.3d 634 (2d Cir. 2000) involved claims by a plaintiff against two Spanish shipwrecked vessels under admiralty law theories parallel to Plaintiff's claims in this case. Following identification of the known or believed identity of the vessels in the plaintiff's complaint, the plaintiff and Spain filed cross-motions for judgment on the pleadings which included submissions of historical documents, diplomatic notes, statements of interest by the U.S. Departments of State and Defense, relevant treaties, and other documentation in support of the parties' respective positions. Spain believes that this procedure was efficient and well-suited to adjudication of in rem claims against a historic shipwreck, but notes that disclosure by the Plaintiff of the information available to it concerning the vessel and its contents is a necessary predicate to this process.

Respectfully submitted on November 19, 2007,

_s/ James A. Goold_
James A. Goold
District of Columbia Bar # 430315
Covington & Burling LLP
1201 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
Telephone: (202) 662-5507
Fax: (202) 662-6291
E-mail: jgoold@cov.com

David C. Banker
Florida Bar # 352977
Bush Ross, PA
220 S. Franklin Street
P.O. Box 3913
Tampa, Florida 33601-3913
Telephone: (813) 224-9255
Fax: (813) 223-9255
E-mail: dbanker@bushross.com

## Verification

I, Jorge Sobredo, am the Chief of the Cultural Office of the Embassy of Spain to the United States of America.

I have read the foregoing Answers to Standard Interrogatories and know the contents thereof and declare under penalty of perjury that the same is true and correct to the best of my knowledge, information and belief.

Signed this 19th day of November 2007, in Washington, D.C., U.S.A.

_____
Jorge Sobredo