IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION
IN ADMIRALTY

ODYSSEY MARINE EXPLORATION, INC.

    Plaintiff,

vs.

THE UNIDENTIFIED, SHIPWRECKED
VESSEL, its apparel, tackle, appurtenances
and cargo located within center point coordinates:
(to be provided to the Court under seal)

    Defendant;
    in rem

and

The Kingdom of Spain,

    Claimant.

CIVIL ACTION

Case No. 8:07-CV-0616-SDM-MAP

### Motion to Seal Pursuant to the Order of February 22, 2008

Pursuant to Local Rule 1.09(b) and the Court's Order of February 22, 2008 directing Claimant Kingdom of Spain ("Spain") to file under seal documents designated by Plaintiff Odyssey Marine Exploration ("Odyssey") as confidential, the confidentiality of which is disputed by Spain, Spain herewith submits and moves for filing under seal the documents described below which remain in dispute following further consultations of counsel. This motion is an identical filing being made in cases 8:07-CV-00614-SDM-MAP, 8:07-CV-00616-SDM-MAP, and 8:06-CV-01685-SDM-MAP.

By virtue of Odyssey's designation of the following materials as confidential under the Protective Order of January 10, 2008, these materials should remain under seal until the Court

determines that they are not entitled to confidential treatment under the terms of the Protective Order. The documents filed herewith are the materials referred to in Spain's Motion to Declare Certain Materials as Not Confidential dated February 1, 2008 and consist of:

**Group A: "Artifact Summary" Lists and Photographs**

1. "Artifact Summary" for Case No. 8:07-CV-0614 vessel

2. "Artifact Summary" for Case No. 8:06-CV-1685 vessel

3. "Artifact Summary" for Case No. 8:07-CV-0616 vessel (photographs)

Spain contends that these documents consist simply of photographs and descriptions of selected artifacts retrieved by Odyssey and do not constitute confidential information under Paragraphs 2 and 6 of the Protective Order.[1] When counsel conferred on February 25, 2008, counsel for Odyssey notified counsel for Spain that Odyssey does not consider the list of artifacts in Case No. 8:07-CV-0616 as confidential, but that it considers the photographs on the "Artifact Summary" corresponding to that case as confidential. Hence, only the confidentiality status of the photographs in the "Artifact Summary" for Case No. 8:07-CV-0616 remains at issue. Odyssey has advised that it considers the lists of artifacts (with or without pictures) in Cases No. 8:07-CV-0614 and No. 8:06-CV-1685 as confidential.

**Group B: Two site plans of the Case No. 8:06-CV-1685 vessel (original size)**

Spain contends that these charts depict vessel remains and artifacts which are in plain view on the seabed and do not constitute confidential information under Paragraphs 2 and 6 of the Protective Order.

---

[1] As noted in its February 1, 2008 Motion to Compel Compliance with this Court's Disclosure Order and for Other Relief, Claimant Spain further believes that the Case No. 8:07-CV-00614 "Artifact Summary" is incomplete and does not comply with the Court's January 10 Order for disclosure of artifact lists and descriptions.

**Group C: Photographs of artifacts on the seabed from the Case No. 8:07-CV-00614 site (reduced size)**

Spain contends that these photographs of artifacts on the seabed do not constitute confidential information under Paragraphs 2 and 6 of the Protective Order. Counsel for Spain has examined additional photographs of artifacts on the seabed which correspond to Case No. 8:07-CV-0614, but has not as yet received copies, pending discussions between counsel regarding the format and cost of the copies. Counsel for Spain has been advised that Odyssey considers all such photographs to be confidential under the Protective Order. The photographs filed as Group C are therefore provided as an exemplar of all such photographs.

**Group D: Photomosaics[2]**

    4. Photomosaic of Case No. 8:07-CV-0614 site

    5. Photomosaic of Case No. 8:06-CV-1685 site

    6. Photomosaic of Case No. 8:07-CV-0616 site

Spain contends that the photomosaics provided by Odyssey do not constitute confidential material under Paragraphs 2 and 6 of the Protective Order because they consist of photographs of the seabed of a kind that Odyssey has published on its website and elsewhere. See Odyssey, Western Mediterranean (n.d.), http://shipwreck.net/westmedpictures.shtml. To the extent that these pictures might reveal any process or method utilized by Odyssey, they have already been revealed publicly by Odyssey's posting of similar photomosaics on its website.

**Group E: "Preliminary Site Assessment" Reports (original size)**

---

[2] In order to facilitate filing, the enclosed copies of the photomosaics have been reduced in size from the originals provided to Spain's counsel by Odyssey. With respect to Case No.: 8-07-CV-00614, Odyssey has provided an overall photomosaic of the site, as well as blow-ups of the photomosaic divided into sections. Spain's counsel will bring to the attention of the Court the original full-size photomosaics provided by Odyssey on March 5, 2008.

1. Preliminary Site Assessment Report" for Case No. 8:07-CV-0614 vessel
2. "Preliminary Site Assessment Report" for Case No. 8:06-CV-1685 vessel
3. "Preliminary Site Assessment Report" for Case No. 8:07-CV-0616 vessel

Spain contends that these reports do not constitute confidential information under Paragraphs 2 and 6 of the Protective Order, for the same reason as the "Artifact Summaries" (see Group A materials above).[3]

Claimant Spain calls to the attention of the Court to page 2 of the "Preliminary Site Assessment Report" for Case No. 8:06-CV-1685 (Filed as Exhibit E-3). This page contains location information, which Odyssey contends is confidential under Paragraph 1 of the Protective Order. Spain believes that the location information on this page is a visual depiction of information that Odyssey provided in its Complaint in Case No. 8:06-CV-1685 dated September 13, 2006. This information has been a part of the caption in that case ever since.

Respectfully submitted on February 27, 2008

_____
James A. Goold
District of Columbia Bar # 430315
Covington & Burling LLP
1201 Pennsylvania Ave., NW
Washington, DC 20004
Telephone: (202) 662-5507
Fax: (202) 662-6291
E-mail: jgoold@cov.com

David C. Banker
Florida Bar # 352977
Bush Ross, PA
220 S. Franklin Street
P.O. Box 3913
Tampa, Florida 33601-3913
Telephone: (813) 224-9255
Fax: (813) 223-9255
E-mail: dbanker@bushross.com

---

[3] As noted in its February 1, 2008 Motion to Compel Compliance with this Court's Disclosure Order and for Other Relief, Spain further contends that the "Preliminary Site Assessment Report" for Case No. 8:07-CV-0614 is incomplete with respect to the listing and description of the artifacts retrieved by Odyssey from the seabed.

## Certificate of Service

I hereby certify that I caused the foregoing Motion to Seal Pursuant to the Order of February 22, 2008 to be served on Plaintiff's counsel, Allen von Spiegelfeld and Eric C. Thiel via FedEx on February 27, 2008.

_____
James A. Goold
District of Colombia Bar 430315
Covington & Burling LLP
1201 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
Telephone: (202) 662-5507
Fax: (202) 662-6291
E-mail: jgoold@cov.com