UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ODYSSEY MARINE EXPLORATION, INC.,

    Plaintiff,

v.                                  CASE NO.:   8:07-cv-616-T-23MAP

THE UNIDENTIFIED SHIPWRECKED
VESSEL,

    Defendant.
                                                  /

## **ORDER**

The Kingdom of Spain moves (Doc. 41) to dismiss the amended complaint (Doc. 29) by Odyssey Marine Exploration, Inc. The amended complaint comprises in Count I a claim for possession and ownership of a shipwrecked vessel and artifacts recovered from the vessel; in Count II a claim for a salvage award for service to a vessel and artifacts in maritime peril; in Count III a claim for preliminary injunction to secure the integrity of the recovery operation against interference from a third party; in Count IV a claim for a declaration that the shipwrecked vessel and artifacts are beyond the territorial waters of any nation and subject to the law of abandonment, finds, or salvage; in Count V a claim in the event of a successful adverse claim of ownership by a third party for equitable relief in the nature of quantum meruit or the like to recover the reasonable and necessary cost of recovery and protection of the vessel and artifacts; and in Count VI a claim for damages arising from certain allegedly tortious acts by

Spain that allegedly interfered with and burdened the activity of Odyssey and that breach an alleged duty of Spain to refrain from interference. The complaint requests an array of legal and equitable remedies.

Spain's motion to dismiss Count One and Count Two is **DENIED**. Under the circumstances of this action, the allegations of the complaint and the disclosure in connection with discovery satisfy the requirements of applicable procedural rules and pleading principles (assuming satisfactory and prompt disclosure in accord with the orders of the magistrate judge, failing which the plaintiff's disclosure of the vessel's identity or the best available hypothesis regarding identity will follow expeditiously by other means).

Spain's motion to dismiss Count III, Count IV, Count V, and Count VI is **GRANTED**. As explained in Spain's memorandum of law, in personam jurisdiction and proper service of process are lacking as to each count and Odyssey fails as to each count to establish in accord with the Foreign Sovereign Immunities Act subject matter jurisdiction over a claim against a foreign sovereign. (Count VI appears to state no cognizable claim in any event, but that issue evades resolution at the moment.)

## CONCLUSION

Spain's motion to dismiss (Doc. 41) is **GRANTED IN PART** and **DENIED IN PART**. Spain's motion for a more definite statement (Doc. 17) is **DENIED**.

ORDERED in Tampa, Florida, on March 6, 2008.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE