UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ODYSSEY MARINE EXPLORATION, INC.,

    Plaintiff,

v.     CASE NO.: 8:07-cv-616-T-23MAP

THE UNIDENTIFIED SHIPWRECKED
VESSEL, if any, its apparel, tackle,
appurtenances and cargo located
within a five mile radius of the center
point coordinates provided to the Court
under seal,
    Defendant,
    *in rem*

and

THE KINGDOM OF SPAIN,

    Claimant.
_____/

## ORDER

This cause is before the Court on the Kingdom of Spain's Motion for an Order Declaring Certain Materials as Not Confidential (doc. 82). In this motion, Spain claims that certain items produced by Odyssey were inappropriately designated confidential: artifact summaries and photographs in all three Odyssey cases[1] (exhibits A1, A2, and A3); site plans of the vessel in 8:06-cv-1685-T-23MAP (exhibits B1 and B2), photographs of artifacts on the seabed from 8:07-cv-614-T-23MAP (exhibit C), photomosaics in all three cases (exhibits D1, D2, and D3) (exhibit D3 also includes a ship diagram); and preliminary site assessments in all three cases

---

[1] Case numbers 8:06-cv-1685-T-23MAP, 8:07-cv-614-T-23MAP, and 8:07-cv-616-T-23MAP involve different sites, and Spain has filed a claim in each case. Spain's counsel stated at the March 5, 2008, preliminary pretrial conference that Spain may decide not to pursue its claim in 8:07-cv-616-T-23MAP.

(exhibits E1, E2, and E3).

The protective order this Court entered on Jan. 10, 2008 (doc. 80) provides that "only documents containing trade secrets, special formulas, proprietary research and/or technology, company security matters, financial data, projected sales data, production data, matters relating to mergers and acquisitions, and data which touch upon the topic of price may be designated as confidential." *See* Protective Order, paragraph 2. The protective order specifically provides that "documents relating to artifacts or other objects recovered from the Defendant Site shall not constitute confidential information except to the extent specific information in a document discloses proprietary research and/or technology of the Plaintiff or other confidential information described in Paragraph 2." *See* Protective Order, paragraph 6.

Despite this language, Odyssey contends that the artifact listings and photographs should remain confidential because Odyssey generates revenue from the sale of artifact images and documentation and would suffer financial harm if the information were publicly released, and because information gained from the review of the lists and photographs might lead other salvors to the site and could jeopardize site security. The Court finds these arguments unpersuasive because Odyssey agreed to the protective order that specifically states that documents relating to artifacts are not confidential. To the extent Odyssey seeks to protect its interest in selling the photographs, these concerns can be addressed with the use of watermarks or other markings that would make the images not marketable. Accordingly, the Court finds that the artifact summaries and photographs are not properly designated confidential.

However, in the interest of protecting the security of the site, the Court finds that the preliminary site assessments, the site plans, the photographs of the sea bed, and the photomosaics should remain confidential at this stage in the litigation.

Accordingly, it is ORDERED that:

1. Spain's Motion for an Order Declaring Certain Materials as Not Confidential (doc. 82) is GRANTED in part and DENIED in part.

2. The Clerk is directed to return to Spain the items filed by Spain under seal as attachments to its Motion for Leave to File Under Seal (doc. 87).

3. Spain is directed to notify the Court within 30 days whether it intends to pursue a claim in this case.

DONE and ORDERED at Tampa, Florida on March 12, 2008.

*/s/ Mark A. Pizzo*
MARK A. PIZZO
UNITED STATES MAGISTRATE JUDGE